## Ashby's Committee v. Bosler.

(Decided June 23, 1922.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Insane Persons—Suit by Committee to Collect Money—Burden of Proof.—Where a committee of an insane person undertakes to collect from a debtor of the imbecile money due from the sale of land made before the imbecile became non compos mentis, the burden is on the committee to show the indebtedness and the amount thereof, unless the facts are specially within the knowledge of the defendant.

2. Insane Persons—Suit by Committee to Collect Money.—Where the debtor tendered to the committee the full amount of the notes due but the same was rejected by the committee, and then proved by his books and checks that the amount theretofore paid subtracted from the original amount, left only the sum which the defendant tendered in court, the chancellor properly held that the

committee was entitled to recover no more, she being unable to produce any evidence showing the indebtedness to be greater.

HENRY J. TILFORD for appellant.

B. F. WASHER, GARNER CLARK and GERARD E. ZIMMERMAN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In December, 1909, John T. Ashby and his sister, Mary Lemmon, sold and conveyed to appellee, Nic Bosler, two tracts of land located in Jefferson county, for which he paid part cash and executed his four several promissory notes for $2,599.34 each, dated December 28, 1909, and payable in one, two, three and four years from that date, with interest at six per cent. Bosler paid the first, second and third notes with interest some time before the commencement of this action and made several small payments on the last note, which reduced it to $1,545.37, as of December 28, 1918, and this amount he tendered to the committee of John T. Ashby on that date in full satisfaction of the said fourth note, but it was refused by the committee. It was then tendered in court on the filing of this action. After the execution of the deed and notes aforesaid and the payment of the three several notes, John T. Ashby was adjudged a lunatic, and the Fidelity & Columbia Trust Company was made his committee. In order to obtain a release of the lien retained in the deed from Ashby, &c., to him, Bosler instituted this action setting forth the facts with respect to the purchase of the land, the cash payments, the notes and the payments made thereon, and the balance due. The petition also averred that Ashby had been adjudged a lunatic, and the Fidelity & Columbia Trust Company appointed as his committee, and he tendered into court the balance due. He asked that the court require the committee of Ashby to accept the sum tendered in court in full payment of the balance due on said land and to release the lien in the deed then on record in the office of the clerk of the Jefferson county court. The petition was several times amended. Answer was filed by Mary Lemmon, and cross petition by Eunice L. Moody, an alleged holder of a remainder interest in the lands sold to Bosler. The committee for Ashby filed answer in which it prayed the court to protect the interest of its ward. After the pleadings were made up there remained but a single issue between

the plaintiff Bosler and the committee of Ashby, and that related only to the amount paid by Bosler on the purchase price of the land, he asserting that he had paid the whole price with interest, save and except the sum of $1,545.37, while the sister of the lunatic, Mary Lemmon, insisted that a much larger sum was due from Bosler to the estate of the lunatic. The evidence clearly proves that Bosler has fully paid and discharged his obligation to Ashby's committee with the exception of said sum which he has tendered and paid into court for the use and benefit of Ashby. Mrs. Lemmon testifies, but her evidence is so disconnected and in such confusion that it is difficult to understand what she is trying to prove. Nothing which she states conflicts with the evidence of Bosler and his witnesses. She filed several letters and other documents showing settlement made between her and her counsel for herself and for the lunatic, but these rather support the evidence of Bosler. It is her insistence that the proof is insufficient to justify the chancellor's finding that the balance due by Bosler on the lien notes, executed to Ashby, was, at the time of the institution of this action only $1,545.37. In brief of counsel for the committee of Ashby it is said that neither the committee nor its counsel felt that sufficient grounds existed for making such contention, and so advised Mrs. Lemmon and her daughter, "but their unalterable wish and positive demand was that the matter be presented to this court for final determination." Quoting further from the brief it is said: "Mrs. Lemmon's testimony is in the record as well as a pleading on behalf of herself and daughter. It is for this court to say whether John T. Ashby has suffered injustice at the hands of the chancellor. I regret my inability to point out any deficiency in the proof presented in appellee's behalf. I have read and re-read the record in the hope that I might be able to be of assistance to the court in the matter. If the rights of a lunatic were not involved, the court would be justified in dismissing this appeal because of the inability of appellant's counsel to point out and present grounds for a reversal, but a lunatic's rights are involved, and neither his committee nor its counsel has any alternative but to present the record and ask a reversal of the chancellor's decree in the event it is found to be erroneous."

We have carefully read the evidence both for appellee and appellant, and it fully sustains the decree of the

chancellor.   There is abundant proof that Bosler has fully paid off and discharged his obligation to Ashby. This being true, he was entitled to have the lien retained in the deed to secure the balance of the purchase money, released and discharged. This the court granted and closed the whole matter.

There appearing no error to the prejudice of the substantial rights of appellant the judgment is affirmed.

Judgment affirmed.